IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:21CR85 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN R. GROGAN, | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Michelle M. Baeppler, Acting United States Attorney, and Damoun Delaviz, Assistant U. S. Attorney, and hereby submits its trial brief.

 

                              Respectfully submitted,

                              MICHELLE M. BAEPPLER
                              Acting United States Attorney

By:  /s/ Damoun Delaviz
        Damoun Delaviz (PA: 309631)
        Assistant United States Attorney
        2 South Main Street, Suite 208
        Akron, OH 44308
        (330) 761-0530
        (330) 375-5492 (facsimile)
        Damoun.Delaviz@usdoj.gov

## TABLE OF CONTENTS

PAGE

| | | |
|---|---|---|
| **I.** | STIPULATIONS ................................................................................................3 |
| **II.** | EVIDENTIARY QUESTIONS AND OTHER LEGAL ISSUES......................4 |
| **III.** | ANTICIPATED TRIAL LENGTH ...................................................................5 |
| **IV.** | OTHER .............................................................................................................6 |

I. **<u>STIPULATIONS</u>**

    The United States and defense counsel have discussed and exchanged proposed written stipulations. At this time, there are no stipulations between the parties.

## II.     EVIDENTIARY QUESTIONS AND OTHER LEGAL ISSUES

The United States does not anticipate any unusual or unique legal issues to arise during the trial; however, due to the sensitivity regarding references to a defendant's prior criminal conviction and the relatively recent development in the law, the United States sets forth the below for the Court's attention.

As this Court knows well, after the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in cases like the instant one, in relation to Count 3 – Felon in Possession of a Firearm, the United States must now prove not only that a defendant had been previously convicted of a crime punishable by imprisonment for more than one yar, but also that the defendant *knew* that he had been previously convicted of a crime punishable by imprisonment for more than one year.

The United States has discussed stipulations to these facts (and other facts) with defense counsel, but the parties have not been able to agree on any stipulations.

As a result, during trial, the United States intends to introduce evidence of Grogan's prior conviction for Aggravated Possession of Drugs, as reflected in the indictment. The United States also intends to introduce evidence of the sentence Grogan received as a result of that conviction – initially community control but subsequently a period of 2 years of incarceration – to demonstrate that Grogan had knowledge that he had been convicted of a crime punishable by more than 1 year of incarceration. The evidence the United States seeks to introduce relative to these elements primarily consists of Court documents and statements made by Grogan.

### III. ANTICIPATED TRIAL LENGTH

The United States estimates that its presentation of evidence during trial will last approximately three days.

IV. **<u>OTHER</u>**

None.