UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    5:21 CR 85 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN GROGAN, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Juan Grogan's Motion to Arrest Judgment Pursuant to Federal Rule of Criminal Procedure 34. (ECF #185). Mr. Grogan followed this Motion with a request for Findings of Facts and Request for Final Judgment. (ECF #187). The Government Filed a Response in Opposition. (ECF #188). Mr. Grogan challenges the validity of his arrest warrant, and the constitutionality of the proceedings against him.

**Procedural and Factual History**

On December 7, 2020, members of the United States Marshals Northern Ohio Violent Fugitive Task Force (NOVFTF) and the Canton FBI Safe Streets Task Force (SSTF) attempted to execute an arrest warrant for Mr. Grogan. The arrest warrant, issued in the Canton Municipal

possession with intent to distribute fentanyl, and received a consecutive sentence of 60 months for possession of a firearm in furtherance of a drug trafficking crime. (ECF #176). The instant motion was filed on December 1, 2025.

**Legal Standard**

Rule 34 of the Federal Rules of Criminal Procedure provides as follows:

    (a) In General. Upon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense.

    (b) Time to file. The defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendre.

**Analysis**

A. Timeliness

Defendant is required to file a motion under Fed. R. Crim. P. 34 within fourteen days after the court accepts a verdict or finding of guilty. The fourteen day limitation "imposes a jurisdictional bar on the Courts," preventing them from hearing motions that are not timely filed. *United States v. Chapman*, 2014 Wl 51;7542, *2 (E.D. Ky., Feb. 10, 2014)(citing *United States v. Braswell*, 51 F.App'x 783, 784 (9th cir. 2002); *Rowlette v. United States*, 392 F.2d 437, 439 (10th Cir. 1968)). The Court accepted the jury's finding of guilt against Mr. Grogan on the relevant charges on July 22, 2025. (ECF #146). Therefore, Mr. Grogan had only until August 5, 2025 to file a motion under Rule 34. The instant motion was not filed until December 1, 2025, nearly four months beyond the permitted filing period. Mr. Grogan provides no justification for his delay. His motion is, therefore, barred.

3

B. Jurisdiction

Even if it had been timely filed, Mr. Grogan's motion would fail on the merits. A motion to arrest judgment under Rule 34 can only be granted if the court lacked jurisdiction of the charged offense. Mr. Grogan has offered no allegation that would support a finding that the Court lacked jurisdiction to over the charged offenses, which both state federal crimes. The complaints raised by Mr. Grogan allege errors in the Court's ruling on a motion to suppress, which was previously litigated and was not challenged on appeal. (ECF #63, 64, 65). Similarly, any cooperation that may have occurred between state and federal authorities did not in any way affect the Court's jurisdiction over the offenses charged in this case.

## Conclusion

Mr. Grogan's Motion is untimely. Further, he offers no allegation or argument that legitimately challenges the Court's jurisdiction over the offenses charged. For these reasons, his Motion to Arrest Judgment Pursuant to Federal Rule of Criminal Procedure 34 is, hereby, DENIED. (ECF #185).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 22, 2026